**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Mark Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  10 C 3133 |
| | ) | |
| Capital Management Services, L.P., a | ) | |
| Delaware limited partnership, Resurgent | ) | |
| Capital Services, L.P., a Delaware limited | ) | |
| partnership and LVNV Funding, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Mark Johnson, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.  Plaintiff, Mark Johnson ("Johnson"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer credit card debt, which was allegedly owed to a bad debt buyer, "Resurgent Capital Services" and/or

"LVNV Funding", despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Capital Management Services, L.P. ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant CMS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Resurgent and LVNV are sister corporations. Defendant LVNV is a bad debt buyer and Defendant Resurgent manages collections of the debts

that LVNV buys.

8. Defendants CMS, Resurgent and LVNV are all licensed to do business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all three Defendants conduct business in Illinois.

9. Defendants CMS, Resurgent and LVNV are all licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation attached as Group Exhibit B. In fact, all three Defendants act as debt collection agencies in Illinois.

## FACTUAL ALLEGATIONS

10. Mr. Johnson is a disabled man, with limited assets and income, who fell behind on paying his bills. One such debt he was unable to pay was a debt he owed originally to Credit One Bank. When Defendant CMS began trying to collect this debt from Mr. Johnson, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendants' collection actions.

11. On October 27, 2009, one of Mr. Johnson's attorneys at LASPD informed Defendant CMS, in writing, that Mr. Johnson was represented by counsel, and directed Defendant CMS to cease contacting him, and to cease all further collection activities because Mr. Johnson was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

12. At some point in time after the debt was in default and after Defendant CMS was told that Mr. Johnson was represented by counsel and had refused to pay the

debt, Defendant LVNV bought Mr. Johnson's Credit One account and Defendant LVNV's sister corporation, Defendant Resurgent, then placed that debt for collection with Defendant CMS.

13. Ignoring its prior notices from LASPD of attorney representation and the direction to cease collections, Defendant CMS, on behalf of Defendants Resurgent and LVNV, sent a collection letter, dated March 13, 2010, directly to Mr. Johnson, demanding payment of the Credit One debt. A copy of this letter is attached as Exhibit D.

14. Defendants' collection letter (Exhibit D) failed to identify Defendant LVNV as the current creditor and, instead, wrongly identified the "Current Creditor" as "RESURENT CAPITAL SERVICES, LP".

15. Accordingly, on April 3, 2010, Mr. Johnson's LASPD attorney had to send Defendants a letter directing them to cease communications and to cease collection. Copies of this letter and fax confirmation are attached as Exhibit E.

16. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications and cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from

4

communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letter from Mr. Johnsons' agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendants knew, or should have known, that Mr. Johnson was represented by counsel in connection with the Credit Ones debt because his attorneys at LASPD had informed Defendant CMS, in writing, that he was represented by counsel, and had directed that communications with him cease. By directly sending Mr. Johnson an additional letter (Exhibit D), despite being advised that Plaintiff was represented by counsel, Defendants violated § 1692c (a)(2) of the FDCPA.

25. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable

for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e Of The FDCPA --
### Making A False Statement Of The Name Of Creditor

26. Plaintiff adopts and realleges ¶¶ 1-17.

27. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

28. Defendants' violations of § 1692e of the FDCPA, include, but are not limited to, falsely stating in their March 13, 2010 collection letter (Exhibit D) to Plaintiff that the creditor was Defendant Resurgent, when, in fact, it was Defendant LVNV.

29. Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692g(a)(2)
### Failure To Effectively Identify The Current Creditor

30. Plaintiff adopts and realleges ¶¶ 1-17.

31. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, it must provide consumers with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

32. Defendants' March 13, 2010 letter to Plaintiff was the first communications sent in their collective collection efforts; however, in that letter they failed to state the

name of the current creditor. Moreover, at no time thereafter did Defendants effectively identify the name of the current creditor. Thus, Defendants have failed to identify the

name of the creditor, in violation of § 1692g(2) of the FDCPA.

33.     Defendants' violations of § 1692g(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Mark Johnson, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Johnson, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Mark Johnson, demands trial by jury.

Plaintiff, Mark Johnson,

By: /s/ David J. Philipps___
One of Plaintiff's Attorneys

Dated:  May 20, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com